**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GILDARDO MONTUFAR CORIA, | : | MOTION TO VACATE |
| Fed. Reg. No. 70330-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:16-CR-321-TWT-JSA |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:18-CV-597-TWT-JSA |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Movant Gildardo Montufar Coria has filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. 74). For the reasons that follow, the undersigned finds that this § 2255 motion is premature and **RECOMMENDS** that it be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)").

I.    Procedural History

A federal grand jury in the Northern District of Georgia returned a three-count indictment against Movant and others unknown to the grand jury, charging him with conspiracy to possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846; aiding and abetting possession of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 18 U.S.C.

§ 2; and aiding and abetting possession with the intent to distribute heroin in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C), and 18 U.S.C. § 2. (Doc. 1). Represented by Esther Panitch and utilizing an interpreter, Movant entered into a non-negotiated guilty plea to all three counts. (Doc. 44). Before sentencing, Samuel Little was appointed as new counsel for Movant. (Doc. 55). On November 3, 2017, the Court sentenced Movant to a total of fifty-seven months, to be followed by three years of supervised release. (Doc. 60). Through counsel, Movant filed a timely notice of appeal on November 14, 2017 [Doc. 61], which was docketed in the United States Court of Appeals for the Eleventh Circuit. (*See* Doc. 65). Movant submitted this *pro se* § 2255 motion on February 5, 2018, and raises challenges to the Court's sentence. (Doc. 74).

Because Movant's appeal is currently pending before the Eleventh Circuit, this Court lacks jurisdiction to consider and rule on his § 2255 motion. *See United States v. Casaran-Rivas*, 311 F. App'x 269, 272-74 (11th Cir. 2009) (per curiam); *United States v. Dunham*, 240 F.3d 1328, 1329-30 (11th Cir. 2001) (per curiam); *United States v. Stanley*, No. 1:09-cr-406-TCB-JFK-2, 2013 WL 4541834, at *1 (N.D. Ga. Aug. 26, 2013). Accordingly, the instant § 2255 motion should be dismissed as premature.

2

II. <u>Certificate of Appealability</u>

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*

3

*v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant's § 2255 motion should be dismissed as premature. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 22nd day of February, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

4